## VALENTINE VS. HAMLETT, AD.

LANDLORD'S LIEN: *Limitation on.*

    A landlord's lien upon the tenant's crop, for rent, expires at the expiration of six months from the time the rent is due.

APPEAL from *Chicot* Circuit Court, in Chancery.

Hon. T. F. SORRELLS, Circuit Judge.

*Reynolds,* for appellant.

*Rose, contra.*

HARRISON, J.   This was a suit in equity by Mark Valentine against John G. Morgan.  After he had answered the complaint, Morgan died, and the suit was revived and proceeded against his administrator, John C. Hamlett.

The complaint alleged that the plaintiff, as agent of Carroll, Hoy & Co., rented to one William W. Collins, by an agreement in writing, a plantation for the year 1873, for $500, to be paid to him, the plaintiff, on the first day of December of that year.  That Collins raised on the plantation a crop of cotton, part of which, three bales, he turned over to the plaintiff, towards the payment of the rent, the net proceeds of which were $127.91, and the residue, which was sufficient to have satisfied the remainder of the rent, he sold and delivered to said Morgan, who converted it to his own use.  That the remainder of the rent, $372.09, was still unpaid.  That the plaintiff had a lien on the cotton, for the rent, when Morgan bought and converted it to his own use, and that when he purchased the cotton he knew of the existence of the lien.

That he again rented the plantation to Collins for the year 1874, for three dollars an acre for each acre cultivated by him, to be paid to him on the first day of December, 1874.

That Collins cultivated, that year, thirty-three and a third acres, and the rent amounted to $100.  That no part of the rent of 1874 had been paid.

That Collins raised, that year, a crop of cotton on the plantation sufficient to pay the rent, which, also, he sold and delivered to Morgan, and which Morgan converted to his own use.

That the plaintiff had a lien on the last-mentioned cotton for the rent of 1874, when Morgan bought and converted the same to his own use, and that he, at the same time, knew of the existence of the lien.

The prayer of the complaint was that Morgan should be decreed to pay the plaintiff the remainder of the rent due for 1873, and the whole of that for 1874.

The suit was commenced on the fourth day of June, 1875.

Morgan, in his answer, specifically denied every allegation of the complaint.

The court upon the hearing, dismissed the complaint, for want of equity.

The plaintiff appealed.

When the suit was commenced, more than six months had elapsed since the rent of the last year became due, and the lien on the cotton had expired.  *Sec. 4098 Gantt's Digest.*

If the lien was impressed, when the cotton was converted, upon its proceeds, it was subject to the same limitation as to time, and could not continue longer than it would upon the cotton.

As there was then no lien to be enforced, which was the object of the suit, it is unnecessary to consider the question raised by appellee's counsel, as to the right of the plaintiff, the agent of Carroll, Hoy & Co., to bring the suit.

The judgment is affirmed.